FILED
SUPERIOR COURT
OF GUAM

2013 FEB 13 AM 11: 52

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT**
**OF GUAM**

THE PEOPLE OF GUAM,          )        CRIMINAL CASE No. CF 0133-12

                             )

                             )

        v.                 )         **DECISION AND ORDER**

                             )    On Defendant's Motion for Diversion

EDWARD K. MARAR,         )

                             )

          Defendant.     )

                             )

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 20, 2012 on Defendant's Motion for Diversion. The People of Guam were represented by Assistant Attorney General Lisa Hack. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING Defendant's Motion for Diversion.

### FACTUAL HISTORY

The Defendant has been charged with one count of felony *Terrorizing* and one count each of misdemeanor *Family Violence* and *Assault* arising out of acts allegedly committed on February 24, 2012. The Defendant has filed a Motion for Diversion, which the People oppose on legal grounds. The People's opposition is based upon the argument that last year's amendment to Guam's Family Violence Act denies a defendant entry into the diversion program after March 28, 2012. However, in *People v. Camacho*, CM1175-11, this Court held that the date of commission of the alleged crime is dispositive in determining a defendant's eligibility. Any defendant charged with crimes allegedly committed prior to March 28, 2012 whom is not otherwise statutorily ineligible may enter diversion. As this holding applies to the

Defendant, the People's legal opposition to the motion need not be discussed.

Upon a defendant's motion for diversion, the Court conducts an independent determination of eligibility pursuant to the Family Violence Act. In assessing eligibility, the Court must consider three factors: (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the defendant, and (3) any factors which would adversely influence the likelihood of successful completion of the diversion agreement. 9 G.C.A. §30.80.1(a) (1994) (amended 2011). In reviewing the statutory factors and the Defendant's past criminal history, the Court finds insufficient factual grounds for granting the Defendant entry into the diversion program.

## DISCUSSION

The Defendant has motioned the Court for entry into the diversion program. The People timely opposed the Defendant's motion, but relied on legal grounds previously ruled upon by this Court. In determining the Defendant's eligibility to enter the program, the Court conducts an independent evaluation of eligibility pursuant to the three-factor analysis of the Family Violence Act. The Court evaluates: the nature and extent of the injury inflicted upon the victim, prior incidents of family violence by the defendant, and factors adversely influencing the likelihood of successful completion of the diversion agreement. 9 G.C.A. §30.80.1(a) (1994) (amended 2011).

### I. *The Nature and Extent of the Injury Inflicted*

The Defendant has been accused of physically assaulting his girlfriend, Lorinda Reyes, before repeatedly threatening to kill her. On the evening of February 24, 2012 the Defendant and his girlfriend got into an argument. As the verbal argument escalated, the Defendant allegedly got close to the victim and used his right index finger to poke her in the eye. The Defendant then

allegedly began trying to punch his girlfriend. Unsuccessful at punching her, the Defendant then allegedly cut a clothesline and told Ms. Reyes that he would kill her by strangling her. When the victim tried to move away, the Defendant is said to have kicked her, hitting her left thigh. The victim continued to move away from the Defendant at which time he allegedly repeated his earlier threat that "he would kill her if she doesn't listen to him."

The responding police recorded that the victim appeared to have suffered injuries. Specifically, Ms. Reyes had swelling and redness in her left eye, as well as abrasions beneath the eye. It was further reported that the victim was experiencing pain in her left thigh from where she had been allegedly kicked. Finally, the Ms. Reyes stated that she believed the Defendant was capable of severely hurting or killing her.

The current charges against the Defendant reflect the extent of the injuries suffered by the victim. The victim's eye contusions as well as the pain from being kicked are not severe injuries, but do constitute misdemeanor *Family Violence* and *Assault*. These injuries are coupled with the felony *Terrorizing* charge. *Terrorizing* occurs when an individual "communicates to any person a threat to commit [ ] a crime of violence dangerous to human life, against the person to whom the communication is made," such that "the natural and probable consequence of such a threat, is to place the person to whom the threat is communicated or the person threatened in reasonable fear that crime will be committed." 9 GCA §19.60. That the victim was placed in fear for her life when the Defendant first threatened to strangle her with the clothesline and then repeated his threat to kill her as she tried to leave satisfies the statutory definition of *Terrorizing*.

The felony *Terrorizing* charge weighs against granting diversion, but is not determinative. The Defendant argues that he should be granted diversion because it cannot be shown that he "caused any serious bodily injury as defined by Guam law." To support his assertion, the

Defendant cites 9 GCA §16.10 which defines serious bodily injury as requiring permanent disfigurement or a protracted loss or impairment of consciousness. The Defendant is not, however, charged with any crimes requiring proof of serious bodily injury. Instead, the Defendant is charged with felony *Terrorizing* for allegedly threatening to kill the victim not once, but twice. Of particular concern to the Court is the fact that the first threat involved a specific crime, strangulation, for which the Defendant obtained a potential weapon, the clothesline. These facts do not weigh in favor of granting the Defendant the benefit of diversion.

## II. *Prior Incidents of Family Violence*

The court looks to the Family Violence Act to determine whether a defendant's previous cases must be considered in analyzing any known, prior incidents of violence. Not all previous cases are of interest to the court as, for example, a defendant's traffic violations have no bearing upon an assessment of a history of violence. The Act enumerates four reasons that a defendant is statutorily ineligible for diversion: (1) a felony conviction with the past seven years for any offense involving violence, (2) a previous diversion within five years of the current charges, (3) a sentence for a violation of a family violence court order within one year of the alleged commission of the current charges, or (4) if the current charges also involve serious bodily injury to the victim or a concurrent charge of criminal sexual conduct. 9 G.C.A. §30.80 (1994) (amended 2011). Using these ineligibility factors as a guide, the court considers convictions involving violence, previous participation in diversion, and all cases involving *Family Violence* charges, serious bodily injury, or criminal sexual conduct.

The Defendant has five criminal cases relevant to the current eligibility analysis: CM 1227-96, CM 0015-00, CM 0493-03, CM 1252-12, and CF 0176-12. Each case will be examined in turn. In CM 1227-96, the Defendant was charged with two counts each of misdemeanor *Family*

*Violence* and *Assault*. The charges arose from the accusation that the Defendant's pushed his girlfriend, Lorinda Reyes, to the floor during an argument. The first counts for *Family Violence* and *Assault* were charged on behalf of Ms. Reyes. The second counts of *Family Violence* and *Assault* were filed because Ms. Reyes was holding the couple's two month old daughter at the time of the alleged assault.

The Defendant was not convicted in CM 1227-96 because he was given the opportunity to enter the diversion program. Despite being given the diversion opportunity, the Defendant received an initial violation report for failure to attend his counseling intake and assessment session. The Defendant did eventually complete court mandated counseling and probation and the charges against the Defendant were then dismissed. Nonetheless, the following facts weigh in favor of denying the current motion: (1) the Defendant initially violated the terms of pre-trial release by failing to attend his initial counseling appointment, (2) the case involved the *same victim*, Ms. Lorinda Reyes, as in the current case, suggestive of a history of violence in the relationship, and (3) the Defendant does not appear to have benefitted from his previous diversion as evidenced by the current charges.

The Defendant was convicted of *Child Abuse* for striking a minor in CM 0015-00. In this second case, the Defendant was charged with misdemeanor *Assault*, *Child Abuse* and *Harassment* for hitting a minor child under his supervision. The Defendant ultimately entered a plea agreement which required him to attend Anger Management classes as a condition of parole. This case does not include a *Family Violence* charge, nor does it include a crime involving serious bodily injury. Instead, the Court notes that the previous conviction involves an assault, as well as a second counseling opportunity in the form of Anger Management classes.

As with the previous diversion, it is not clear that the Defendant benefitted from court mandated counseling.

The Defendant's third and fourth criminal cases, CM 0493-03 and CM 1252-09, also speak to his ability to successfully complete diversion. Both cases involve misdemeanor charges of *Driving While Under the Influence of Alcohol,* but are relevant to the Defendant's ability to adhere to the conditions of pre-trial probation. In CM 0493-03, the Court had to issue two separate bench warrants in order to compel the Defendant to appear. Even after the two bench warrants, the Defendant received a parole violation for failure to complete court mandated community service, as well as a failure to attend counseling. Similarly, in CM 1252-09, the Defendant twice violated the conditions of his parole. A first violation report was filed when the Defendant was charged in his fourth criminal case, CF 0176-12, to be discussed below. A second violation was subsequently filed when the Defendant failed to perform court mandated community service. This history of violating the terms of probation weighs against granting the current motion.

Finally, the Defendant is facing criminal felony charges in a fifth case, CF 0176-12. In that case the Defendant is currently set to go to trial for allegedly having committed five counts of *First Degree Criminal Sexual Conduct* with a minor. If the Defendant had already been convicted of the criminal charges, he would be automatically ineligible to enter diversion per the Family Violence Act. While the Defendant remains innocent until proven guilty, the arrest in CF 0176-12 does constitute a violation of the Defendant's pre-trial release in the current case. Additionally, at the time the Defendant was arrested, he was on probation for CM 1259-09, constituting a violation of the conditions of his parole. These facts, couple with the serious nature of the charges, do not weigh in favor of granting the Defendant a second chance at diversion.

### III. *The Likelihood of Successful Completion of Diversion*

The Defendant's criminal history indicates that he is unlikely to successfully complete diversion. The recent amendment to the Family Violence Act, which changed diversion to a deferred plea agreement, also changed the eligibility requirements for entering the treatment-based probationary program. Defendants seeking a deferred plea agreement are now ineligible for a deferred plea if they have previously accepted diversion in any criminal case involving a charge of *Family Violence*. The legislative history of the intentional change to the eligibility requirements notes that the strongest indicator of an inability to successfully complete a treatment-based program is a previous failure in that same program. That the Defendant's previous diversion has failed to prevent the current charges suggests that he will not successfully complete a future diversion program.

The Defendant is not a viable candidate for diversion. The case currently before the Court involves physical injury to the victim coupled with a two murder threats and the display of a potential weapon. The Defendant's criminal history also includes previous *Family Violence* charges, including a previous family violence case involving the same victim. The Defendant's previous criminal cases contain both bench warrants and multiple probation violations indicating an inability to adhere to the conditions of both pre-trial release and parole. Finally, the Defendant has already received the benefit of diversion, court-ordered counseling, and anger management classes to no apparent avail. These facts do not support granting the Defendant yet another opportunity to have his criminal charges dismissed and expunged.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant's criminal history weighs against granting him entry into the diversion program. Accordingly, the court DENIES Defendant's Motion for Diversion. Further Proceedings are set for _Feb 19_ 2013 at 9am.

SO ORDERED, this _13th_ day of February 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

FEB 13 2013